UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD JAMES CROMER,

          Plaintiff,

vs.

MELINDA K. BRAMAN, *et al.*,

          Defendants.
                                /

Case No. 1:07-cv-9

Hon. Robert J. Jonker

**ORDER**

This matter is before the court on plaintiff's "motion for discovery" (docket no. 53) and defendants' "motion to stay discovery" (docket no. 56).

Plaintiff's motion is improperly before this court. Plaintiff should direct his requests to produce documents and for admissions directly to defendants.  *See* Fed. R. Civ. P. 34, 36. Accordingly, plaintiff's motion for discovery (docket no. 53) is **DENIED**.

Next, defendants seek to stay discovery pending the court's decision on the outstanding dispositive motions.  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*,  833 F.2d 581, 583 (5th Cir. 1987).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D.Del.1979) (citations omitted)."  *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001).

Here, the pending dispositive motions address the preliminary issue of exhaustion of administrative remedies under The Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. The record reflects that plaintiff has filed briefs and responses in opposition to the pending dispositive motions. In addition, plaintiff has filed "supplements" to amend his complaint, a separate motion to amend the complaint, and an improper "motion for discovery." Plaintiff has created an extensive and muddled record in this case. Under these circumstances, a stay of discovery is appropriate and "an eminently logical means to prevent wasting the time and effort of all concerned" until the court addresses the preliminary issue of exhaustion. Accordingly, defendants' motion to stay discovery (docket no. 57) is **GRANTED**.

      **IT IS SO ORDERED.**

Dated: November 7, 2007           /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge