UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWARD JAMES CROMER,

        Plaintiff,              Case No. 1:07-cv-9

v.                                    Honorable Robert J. Jonker

MELINDA K. BRAMAN et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on January 4, 2007 (docket #1). He filed several Supplements to the Complaint (docket ##5, 55, 59 ). On February 13, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On April 6, 2007, Defendants Unknown Miron, Robert Johnson, M. Rondeau, Unknown Henley, Steve Adamson, Mark Christiansen, Susanne E. Harris-Spicer, Lyle Rutter, T. Lancour, and O. Stacewich filed a motion to dismiss (docket #25) on the ground that Plaintiff failed to exhaust his available administrative remedies. On April 18, 2007, Defendant Unknown Kienitz filed a motion to dismiss (docket #32) joining the other Defendants' motion. Plaintiff filed numerous responses to Defendants' motions (docket ##42, 45, 46, 49, 52, 54, 59, 60, 65 and 71).

        This Court converted Defendants' motions to dismiss to motions for summary judgment (docket #47). Plaintiff then filed a motion for extension of time to file further evidence in response to Defendants motions to dismiss (docket #43) and a motion for enlargement of time to

file further responses to this Court's order converting Defendants' motions to dismiss to motions for summary judgment (docket #50).  Additionally, Plaintiff has filed a Motion to Amend Complaint (docket #62).

**Facts**

Plaintiff Edward Cromer is currently incarcerated at Alger Maximum Correctional Facility (LMF); however, the actions he complains of occurred both while he was housed at LMF and while he was housed at the Carson City Correctional Facility (DRF).  In his *pro se* complaint, Plaintiff sues DRF Inspector and Security Threat Group (STG) Coordinator Mark Christiansen, Hearing Officer Susanne Harris-Spicer and the following LMF employees: Inspector and STG Coordinator Lyle Rutter, Assistant Resident Unit Supervisor (ARUS) Robert Johnson and Correctional Officers (CO) T. Lancour, O. Stacewich, (unknown) Miron, (unknown) Kienitz, M. Rondeau and (unknown) Henley.

Plaintiff's twelve claims center on his allegations that he has been incorrectly classified as a member of an STG, the "Nation of Gods and Earth (5%ers)", and was harassed and/or retaliated against for giving a speech about the teachings of his religion.  Plaintiff alleges that he was given false misconduct reports, received unfair hearings regarding misconduct tickets and his security classification, and had his personal items taken or destroyed.  (Am. Compl. at 9-13.)

**Analysis**

I.  **Motion for Extension of Time**

Plaintiff has filed a motion for extension of time (docket # 43).  Plaintiff's motion requests an additional 14 days to produce evidence in support of his opposition of Defendant's motion to dismiss.  After Plaintiff's motion was filed, this Court converted Defendants' motions to

dismiss to motions for summary judgment and granted both parties an opportunity to file additional evidence for the Court's consideration within 14 days. Therefore, Plaintiff was granted the additional time he requested, and his motion (docket #43) will be denied as moot.

### II.     Motion for Enlargement of Time

On July 5, 2007, Plaintiff filed a motion for enlargement of time (docket #50) requesting an additional 60 days to respond to this Court's May 21, 2007 Order converting Defendants' motions from motions to dismiss to motions for summary judgment (docket #50). Plaintiff has since filed multiple briefs and additional exhibits (docket ## 52, 54, 60 and 71) opposing Defendants' motions. I find it appropriate to consider Plaintiff's additional filings in determining Defendants' motions. Therefore, Plaintiff's Motion (docket #50) will be granted to the extent that the Court will consider those additional filings (docket ## 52, 54, 60 and 71) in determining Defendants' motions for summary judgment.

### III.    Motion to Amend Complaint

Plaintiff has also filed a Motion to Amend Complaint (docket #62). Defendants have filed a response (docket #63) and Plaintiff has filed a reply (docket #65). Plaintiff seeks to correct the spellings of some Defendants' names, name Defendants Rondeau and Henley in their individual capacities and allege that Defendants Rondeau and Henley acted under the color of state law. (Mot. to Amend at 4, docket #62.) Defendants do not object to those requests. (Resp. to Mot. to Amend at 1, docket #63.)

Plaintiff also states that:

Defendants [MDOC] "mislabeled" grievance "DRF 0404 0500 2720A" and failed to respond timely to Grievance DRF 0403-0379-19C and did not respond at all. Thus, Cromer was deprived opportunity to fully address the constitutional violations within said grievances, i.e., Christiansen stealing 18 books because Step III response

3

>was never given to Cromer. Once Cromer was aware of Step III response, validity came to a new claim.

(Mot. to Amend. at 4.)  Defendants argue that Plaintiff cannot amend his complaint to demonstrate exhaustion of administrative remedies.  (Resp. to Mot. to Amend at 2.)

Although Plaintiff seeks to "amend" his complaint to include the grievances DRF 0404-0527-20A and DRF 0403-00379-19C to support that he has exhausted his claims, it is unnecessary.  Plaintiff essentially asserts his wish that the Court consider those grievances in support of Claims 1 and 3.  Both grievances were referenced into the original complaint. (Compl. at 34-35, docket #1.) Moreover, Defendants attached both grievances to their motion for summary judgment. (Mot. for Sum. J, Docket ##26-6, 26-7.)  It is appropriate to consider those grievances, among the others submitted by the parties, in determining Defendants' motions for summary judgment. Plaintiff's Motion to Amend will be  granted and his proposed amended complaint (docket #62-2) allowed.

An Order consistent with this Opinion will be entered.


Dated:  February 1, 2008             /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge