UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

EDWARD JAMES CROMER,

      Plaintiff,                                 Case No. 1:07-CV-09

v.                                              Hon. Robert J. Jonker

MELINDA K. BRAMAN et al.,

      Defendants.

_____/

## ORDER AND JUDGMENT
## REGARDING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 74) filed on February 1, 2008. Defendants filed their Objection to the Report and Recommendation (docket # 76) on February 14, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Defendants' objections. After its review, the Court finds the Report and Recommendation to be, with three exceptions, both factually sound and legally correct.

Defendants make six objections to the Report and Recommendation. They argue that Claims 1, 3, 4, 8, 9, and 11 are not properly exhausted, and they argue that Defendant Harris-Spicer is entitled to absolute immunity.

### *Claims 1 & 3*

The Report and Recommendation concludes that Claims 1 & 3 were exhausted by Grievance Nos. DRF 0403-00379-19C and DRF 0404-0527-20A. Defendants object, arguing that (1) Grievance No. DRF 0403-00379-19C is irrelevant to Claims 1 & 3 and therefore failed to give Defendants fair notice of the claims against them, and (2) Grievance No. DRF 0404-0527-20A was untimely filed and failed to name individual Defendants.

**DRF 0403-00379-19C**

The evidence in the record would require a reasonable juror to find that this grievance did not exhaust Claims 1 & 3. Claim 1 alleges that Defendants Braman, Adamson, Christiansen, and Harris-Spicer retaliated against Plaintiff for exercising his First

Amendment right to free speech. The alleged retaliatory acts consisted of placing Plaintiff in solitary confinement, transferring him, and improperly increasing his security designation. Claim 3 alleges that Defendants Braman, Adamson, Christiansen, and Harris-Spicer retaliated against Plaintiff for exercising his First Amendment right to free speech. The alleged retaliatory acts consisted of "use [of] the disciplinary process to effectuate transfer and punishment." Grievance No. DRF 0403-00379-19C, in contrast, alleges that Defendant Christiansen, motivated by racial animus, stole Plaintiff's property without affording him due process and then used that property to "concoct a misconduct."

This grievance does not exhaust Claims 1 & 3 because it raises a separate—although perhaps tangentially related—issue from the issues raised by Plaintiff's complaint. Claims 1 & 3 allege disciplinary and administrative retaliation for things Plaintiff said. The grievance, in contrast, alleges theft of property motivated by racial animus. At most, the grievance put officials on notice of a problem regarding race relations between Defendant Christiansen and Plaintiff. It did not put them on notice of a problem regarding Defendants Braman, Adamson, Christiansen, and Harris-Spicer using disciplinary process to retaliate against Plaintiff for exercising his First Amendment right to free speech. It did not, in other words, exhaust Claims 1 & 3.

**Grievance No. DRF 0404-0527-20A**

The evidence in the record would require a reasonable juror to find that this grievance did not exhaust Claims 1 & 3. This grievance was clearly rejected as untimely

3

at step III of the grievance procedure. Thus, it cannot be used to establish proper exhaustion of Claims 1 & 3.

### *Claim 4*

The Report and Recommendation concludes that Claim 4 was exhausted by Grievance Nos. LMF 04-11-3264-08g and LMF 05-08-2768-28A. Defendants object, arguing that (1) Grievance No. LMF 04-11-3264-08g is unexhausted because it fails to provide fair notice to Defendants Rutter and Christiansen, and (2) Grievance No. LMF 05-08-2768-28A is unexhausted because it was duplicative of an earlier grievance and also failed to name individual Defendants.

Claim 4 alleges that Defendants Christiansen and Rutter violated Plaintiff's Fourteenth Amendment rights to due process and equal protection by placing him on STG status and keeping him in that status without suitable justification. Grievance No. LMF 04-11-3264-08g alleges that Plaintiff was given an undeserved STG status prior to his transfer to LMF and was then continually denied an interview regarding the determination of his STG status at LMF.

#### **Grievance No. LMF 04-11-3264-08g**

The evidence in the record would allow a reasonable juror to find that this grievance exhausted Claim 4. A reasonable juror could infer from Plaintiff's allegations in his grievance that *someone* working for MDOC was responsible for (1) assigning Plaintiff his STG status prior to his transfer and (2) refusing to grant him a hearing regarding that status

after his transfer. Defendants present no evidence that would require a juror to find that "someone" could not possibly be Defendant Christiansen or Defendant Rutter.

### Grievance No. LMF 05-08-2768-28A

The evidence in the record would require a reasonable juror to find that this grievance did not exhaust Claim 4. This grievance was rejected at all three steps of the grievance process as duplicative. The grievance was rejected at step I as duplicative of Grievance No. LMF 06-06-2061-17z. The step III response found the step I response was supported by the record and upheld it. To avoid any possible confusion, the MDOC could have expressly reiterated in its step III response its original decision that the grievance was rejected as duplicative. This would have been clearer. Even so, the Court is satisfied, after its de novo review, that this grievance was rejected as duplicative because there is no other way to give meaning to the MDOC's statement in its step III response that the step I and step II responses are "upheld at this level."

### *Claim 8*

The Report and Recommendation concludes that Claim 8 was exhausted by Grievance No. LMF 06-04-1335-19d. Defendants object, arguing that Grievance No. LMF 06-04-1335-19d did not exhaust this claim because it fails to name and provide fair notice to Defendants.

The evidence in the record would allow a reasonable juror to find that Grievance No. LMF 06-04-1335-19d did exhaust Claim 8. Claim 8 alleges that Defendants Rondeau,

Lancour, and Kneitz retaliated against Plaintiff for having certain audio tapes. He alleges Defendants erased his tapes. Grievance No. LMF 06-04-1335-19d alleges that "staff members," Defendant Rondeau, Defendant Lancour, and "other cronies" all played a roll in breaking Plaintiff's tape player and erasing his tapes. Defendants Rondeau and Lancour are specifically named, and Defendant Kneitz is sufficiently identified. There is no evidence that would require a juror to find that Defendant Kneitz could not possibly be one of the other "staff members" named in Plaintiff's grievance.

### *Claim 9*

The Report and Recommendation concludes that Claim 9 was exhausted by Grievance No. LMF 0606-2061-17z. Defendants object, arguing that Grievance No. LMF 0606-2061-17z did not exhaust this claim because it was never submitted to step III.

The evidence in the record would allow a reasonable juror to find that Grievance No. LMF 0606-2061-17z did exhaust Claim 9. Defendants allege that the grievance was never submitted to step III, and they present a computer-generated log sheet in support of their allegation. But Plaintiff presents a copy of the grievance suggesting that it was, in fact, submitted to step III. Plaintiff filled out the box on the grievance labeled "step III–Reason for Appeal." A permissible inference is that he then submitted the grievance to step III for consideration of his articulated reason. Defendants fail to present sufficient evidence to conclusively rebut that permissible inference. The log sheet is, in the light most favorable to Plaintiff, simply a record that Defendants never catalogued the step III grievance as

received. In that light, the log sheet is merely suggestive evidence, not proof, that Plaintiff never submitted the grievance to step III. Accordingly, Defendants fail to carry their burden of presenting evidence that would require a juror to find that Plaintiff did not submit the grievance to step III.

### *Claim 11*

The Report and Recommendation concludes that Grievance No. LMF 0610-3520-27A exhausted Claim 11. Defendants object, arguing that this claim is not exhausted because Plaintiff failed to avail himself of the appropriate administrative remedy.

The evidence in the record would require a reasonable juror to find that Grievance No. LMF 0610-3520-27A did not exhaust Claim 11. Grievance No. LMF 0610-3520-27A was rejected at every step of the grievance process as contrary to the applicable policy directive. The grievance response informed Plaintiff that a minor misconduct appeal, not a grievance, was the appropriate administrative procedure to address his complaint regarding his misconduct conviction. There is no evidence that Plaintiff ever took advantage of that procedure. Thus the record would require a reasonable juror to find that Plaintiff failed to exhaust available administrative remedies with respect to Claim 11.

### *Harris-Spicer's Absolute Immunity*

The Report and Recommendation concludes that Defendant Harris-Spicer is entitled to absolute immunity from a claim for damages, but because Plaintiff's claim is for injunctive/declaratory relief she is not entitled to immunity from Plaintiff's claim.

Defendants object, arguing that the Report and Recommendation's conclusion is unsupported by the law.

Defendant Harris-Spicer is absolutely immune from a claim for damages or injunctive relief, but not from a claim seeking declaratory relief. Hearings officers are entitled to absolute judicial immunity. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988). Absolute judicial immunity provides immunity from damages and injunctive relief, but not declaratory relief. 42 U.S.C. § 1983 (LEXIS through 110-180); *Haas v. Wisconsin*, 109 F. App'x 107, 114 n.8 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Thus Defendant Harris-Spicer, as a hearings officer, is entitled to immunity from a claim for damages or injunctive relief, but she is not absolutely immune from a claim for declaratory relief.

Despite her lack of absolute immunity from a claim for declaratory relief, however, Defendant Harris-Spicer is entitled to summary judgment. To receive declaratory relief Plaintiff must establish, among other elements, the absence of an adequate remedy at law. *See Ruip v. Commonwealth of Kentucky*, 400 F.2d 871, 872 (6th Cir. 1968) (holding that an action for declaratory judgment "cannot be used as a substitute for appeal"). He fails to do this. Defendant Harris-Spicer issued an administrative decision, and Plaintiff's

adequate remedy at law was to appeal that decision.[1]  Accordingly, declaratory relief is unavailable to Plaintiff with respect to his claims against Harris-Spicer.

**ACCORDINGLY, IT IS ORDERED** that, except for Parts IV.A–B & J, the Report and Recommendation of the Magistrate Judge, filed February 1, 2008, is approved and adopted as the opinion of the Court.  This Order is the Opinion of the Court with respect to Claims 1, 3, and 11, and Defendant Harris-Spicer's absolute immunity.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (docket ## 25, 32) are **GRANTED IN PART and DENIED IN PART**.  Claims 1, 3, 10, and 11 are dismissed as unexhausted; Claim 6 against Defendant Lancour regarding the falsification of misconduct reports is dismissed as unexhausted; and Plaintiff's claims against Defendant Harris-Spicer are dismissed.


Dated:  March 31, 2008              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE

---

[1] Michigan law provides adequate procedures to appeal a misconduct conviction like the one issued by Defendant Harris-Spicer.  *See* MICH. COMP. LAWS §§ 791.254–.255 (LEXIS through 2008 P.A. 2) (providing opportunity for rehearing and judicial review of a final decision or order of a hearings officer).